UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JULIE FRENCH,

      Plaintiff,

  v.

PROVIDENCE EVERETT MEDICAL CENTER, *et al.*,

      Defendants.

Case No. C07-0217RSL

ORDER GRANTING DR. SUSAN CLARK'S MOTION TO QUASH THE SUBPOENA; DENYING DEFENDANT'S MOTION TO EXCLUDE DR. CLARK

    This matter comes before the Court on (1) a motion filed by Dr. Susan Clark to quash a subpoena, issued by plaintiff, requiring her to appear as a witness at trial, and (2) defendant's motion to exclude any testimony at trial from Dr. Clark.

    Plaintiff has identified Dr. Clark as a witness regarding her alleged emotional distress. Her testimony is relevant to plaintiff's claims for emotional distress and constructive discharge.

    Dr. Clark requests to quash the subpoena based on personal and professional hardship. Specifically, she notes that she is a single parent, she has a vacation planned during the trial, she is a solo practitioner, and her business is struggling. Dr. Clark also notes that she has been deposed in this case.

    Defendant requests that the subpoena be quashed and that Dr. Clark be precluded from testifying because she failed to produce her handwritten notes regarding plaintiff despite

ORDER ON MOTIONS REGARDING DR. CLARK - 1

1  defendant's subpoena requesting such documents.  The notes were responsive to the subpoena.
2  Dr. Clark should have produced the notes or complied with the Federal Rules of Civil Procedure
3  by objecting to the subpoena, moving to quash it, or seeking a protective order.  The notes are
4  undisputedly relevant.  Dr. Clark must provide a copy of them to defendant within twenty-four
5  hours after receiving a copy of this order.  Defendant must promptly provide Dr. Clark with a
6  copy of this order and a copy of the protective order (Dkt. #21).  Dr. Clark may mark the notes
7  "confidential" pursuant to the protective order and the parties must treat the notes as
8  "confidential material."

9  Plaintiff does not object to quashing the subpoena.  The Court finds that quashing the
10 subpoena is appropriate pursuant to Federal Rule of Civil Procedure 45(c)(3) based on the
11 personal and professional hardship to Dr. Clark and based on the lack of objection from the
12 parties.  Dr. Clark's motion to quash the subpoena (Dkt #184) is GRANTED.  Because the
13 subpoena is quashed, defendant's request to preclude her from testifying (Dkt. #163) is DENIED
14 as moot.

15 Defendant requests that the Court instruct the jury that it may draw an adverse inference
16 against plaintiff's emotional distress claim based on Dr. Clark's refusal to produce the notes.  As
17 long as Dr. Clark promptly produces a copy of her notes, a spoliation instruction is not
18 warranted.  If she refuses to do so, defendant can move again for a spoliation instruction.

19 Defendant also requests that the Court allow the parties to use Dr. Clark's deposition
20 testimony and introduce her medical records as evidence at trial.  Plaintiff contends that because
21 defendant did not subpoena Dr. Clark, and in fact moved for her exclusion, it cannot argue that
22 she is "unavailable" for the purpose of reading her deposition into the record.  Now that the
23 Court has quashed the subpoena, Dr. Clark is effectively unavailable.  Her deposition testimony
24 is admissible pursuant to Federal Rule of Evidence 804(b)(1).  Furthermore, the Court quashes
25 the subpoena in part because Dr. Clark has been deposed.  It would be unfair to preclude
26 defendant from relying on her deposition testimony at trial, particularly when plaintiff intends to
27 rely on at least one document from Dr. Clark to support her constructive discharge claim.

28 ORDER ON MOTIONS REGARDING DR. CLARK - 2

Accordingly, the parties may introduce Dr. Clark's deposition testimony and medical records at trial.

DATED this 6th day of April, 2009.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER ON MOTIONS REGARDING DR. CLARK - 3